IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CONNIE SMITH,                              2:10-CV-126-HU

        Plaintiff,                       ORDER

v.

PATHOLOGY ASSOCIATES MEDICAL
LABORATORIES, LLC,

        Defendant.

BROWN, Judge.

    Magistrate Judge Dennis J. Hubel issued Findings and
Recommendation (#47) on May 4, 2011, in which he recommended the
Court grant the Motion (#24) for Summary Judgment by Defendant
Pathology Associates Medical Laboratories, LLC (PAML).  Plaintiff
Connie Smith filed timely Objections (#51) to the Findings and
Recommendation.  The matter is now before this Court pursuant to
28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

    For the reasons that follow, the Court **ADOPTS** Magistrate

1 - ORDER

Judge Hubel's Findings and Recommendation.

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).  For those portions of the Findings and Recommendation to which the parties do not object, the Court is relieved of its obligation to review the record *de novo* as to this portion of the Findings and Recommendation.  *Reyna-Tapia*, 328 F.3d at 1121.

## BACKGROUND

On February 5, 2010, Plaintiff filed her Complaint seeking seeks redress under Oregon Revised Statute § 659A.030 for Defendant's alleged failure to remedy unlawful age discrimination by co-worker Jennifer McFarlane that constituted a hostile work environment and for Defendant's alleged unlawful retaliation against Plaintiff for complaining to her superiors about discrimination.

On December 3, 2010, Defendant filed its Motion for Summary Judgment as to each of Plaintiff's claims.

On May 4, 2011, the Magistrate Judge issued Findings and Recommendation in which he recommends the Court grant Defendant's

2 - ORDER

Motion for Summary Judgment as to both of Plaintiff's claims.

On May 23, 2011, Plaintiff filed timely Objections to the Findings and Recommendation.

## STANDARDS

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washington Mut. Ins. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). *See also* Fed. R. Civ. P. 56(a). The moving party must show the absence of a dispute as to a material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine dispute as to a material fact for trial. *Id.*

A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010). "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*,

3 - ORDER

381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936,* 680 F.2d 594, 598 (9th Cir. 1982)).

A "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists "will not preclude the grant of summary judgment." *Deering v. Lassen Cmty. Coll. Dist.,* No. 2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011)(citing *Harper v. Wallingford,* 877 F.2d 728, 731 (9th Cir. 1987)).  *See also Jackson v. Bank of Haw.,* 902 F.2d 1385, 1389 (9th Cir. 1990).  When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *LVRC Holdings LLC v. Brekka,* 581 F.3d 1127, 1137 (9th Cir. 2009)(citing *Blue Ridge Ins. Co. v. Stanewich,* 142 F.3d 1145, 1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.,* 454 F.3d 975, 987 (9th Cir. 2006).  If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id.*  "[W]e require very little evidence to survive summary judgment in a discrimination case, because the ultimate question is one that can be resolved through a searching inquiry–one that is most appropriately conducted by the fact-finder, upon a full record." *Schnidrig v. Columbia machine, Inc.,* 80 F.3d 1406, 1410 (9th

4 - ORDER

Cir.)(citations omitted), *cert. denied*, 519 U.S. 927 (1996).

## DISCUSSION

Plaintiff objects to the Magistrate Judge's recommendation to grant Defendant's Motion as to both of Plaintiff's claims for hostile work environment based on age discrimination and for retaliation on the following grounds:  (1) the Magistrate Judge erred when he concluded Plaintiff had not presented any evidence that she experienced a hostile work environment on the basis of age discrimination, (2) the Magistrate Judge erred when he concluded Plaintiff failed to prove Defendant failed to take adequate remedial steps in response to Plaintiff's complaints of discrimination, and (3) the Magistrate Judge erred when he concluded Plaintiff did not meet her burden to make a *prima facie* showing of retaliation.

## I.    Evidence of a Hostile Work Environment.

Although Plaintiff objects to the Magistrate Judge's "conclusion" that Plaintiff did not produce sufficient evidence of a hostile work environment on the basis of age discrimination, the Magistrate Judge, in fact, did not reach that issue.  Indeed, the Magistrate Judge found there was sufficient evidence that Plaintiff found the workplace subjectively hostile and noted (without reaching any conclusion) that the more difficult question was whether Plaintiff had provided sufficient evidence

that her workplace was hostile to an objectively reasonable

person.  In particular, the Magistrate Judge concluded:

> [E]ven if the jury found McFarlane's comments
> to be discriminatory and the workplace to be
> hostile, Smith has failed to show PAML's
> response to her complaints was inappropriate.
> Indeed, when asked repeatedly throughout her
> deposition whether she felt the company's
> actions were appropriate and she was
> satisfied with the response of her
> supervisors, she testified in the
> affirmative.  Although the court is loath to
> grant summary judgment in an employment case,
> where "very little evidence" is required "to
> overcome an employer's motion for summary
> judgment," Chuang, 225 F.3d at 1124, here the
> record evidence simply does not establish
> Smith's hostile work environment claim.

F&R at 16.

Thus, the Magistrate Judge did not conclude Plaintiff did

not provide sufficient evidence a hostile work environment based

on age discrimination but instead resolved Defendant's Motion for

Summary Judgment as to Plaintiff's age-discrimination claim on

the adequacy of Defendant's response to Plaintiff's complaints of

harassment and discrimination by her coworker.  Accordingly, the

Court finds Plaintiff's Objection is not a basis to modify the

Findings and Recommendation.

## II.  Adequacy of Defendant's Response to Plaintiff's Complaints.

As noted, Plaintiff objects to the Magistrate Judge's

conclusion that even if Plaintiff could prove a hostile work

environment existed, no reasonable juror could conclude that

Defendant's response to Plaintiff's complaints were legally

6 - ORDER

inadequate.

Under Oregon Revised Statute 659A.030, it is unlawful for an employer to discriminate against an individual in compensation or in the terms, conditions, or privileges of employment on the basis of an individual's age. When analyzing claims for discrimination brought in federal court pursuant to Oregon Revised Statute § 659A.030, the Court uses the same framework for assessing discrimination claims under Title VII. *Dawson v. Entek Int'l*, 630 F.3d 928, 934-35 (9th Cir. 2011). *See also, Knox v. City of Portland*, 543 F.Supp. 2d 1238, 1246-47 n.2 (D. Or. 2008). In order for Plaintiff to state a *prima facie* claim for hostile work environment based on age discrimination, she must establish: (1) she was subjected to unwelcome physical or verbal conduct sufficiently severe to be both subjectively and objectively hostile and so as to create an abusive work environment, and (2) Defendant failed to take adequate remedial action in response to Plaintiff's complaints. *See Dawson*, 630 F.3d at 937-38. *See also Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003); *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1112 (9th Cir. 2004).

"Where an employee is allegedly harassed by co-workers, the employer may be liable if it knows or should know of the harassment but fails to take steps 'reasonably calculated to end the harassment.'" *Dawson*, 630 F.3d 938 (quoting *Nichols v.*

7 - ORDER

*Azteca Restaurant Enter., Inc.*, 256 F.3d 864, 875 (9th Cir. 2001)).  As opposed to an employer's vicarious liability for a supervisor's unlawful harassment, an employer's conduct is reviewed for negligence in determining whether it may be liable for unlawful harassment by a co-worker.  *Dawson 630* F.3d at 939. See also *Nichols*, 256 F.3d at 875.  The reasonableness of the remedy may be measured by its ability to stop harassment by the alleged wrongdoer and to prevent future harassment by others. *Dawson*, 630 F.3d at 940-41 (citing *Ellison v. Brady*, 924 F.2d 872, 882 (9th Cir. 1991)).  Adequate remedial actions require prompt intervention, must involve more than a mere request for the alleged harasser to stop his unlawful conduct, and may include some form of proportional disciplinary action.  *Dawson*, 630 F.3d at 940-41.

Plaintiff began working for Defendant on February 19, 2008, and alleges she was subjected to age-based harassment from the first day of her employment.  There is not any dispute on this record that Defendant took the following actions in the approximately two months following Plaintiff's complaints of harassment by her co-worker, Jennifer McFarlane: (1) Manager Matthew Swanson met with Plaintiff and McFarlane separately on or about March 10, 2008, to discuss Plaintiff's complaints; (2) Swanson requested Plaintiff to put her concerns in writing as a part of his investigation into Plaintiff's complaints;

8 - ORDER

(3) in response to her complaint that McFarlane was not training her properly, Defendant provided Plaintiff additional training; (4) Assistant Supervisor Carol Richey emailed Plaintiff to determine if things had improved, and Plaintiff replied that the situation was a little better and she anticipated it would improve; (5) Swanson and Plaintiff's immediate Supervisor, Eric Williams, met on or about March 27, 2008, to discuss the contents of a March 23, 2008, letter from Plaintiff detailing her complaints; (5) Swanson and Williams engaged in investigations of Plaintiff's complaints, including interviews of Plaintiff, McFarlane, and several other employees that worked in the vicinity of Plaintiff and McFarlane who may have witnessed the harassment; (6) Swanson and Williams met with McFarlane on or about April 1, 2008, to investigate McFarlane's response to Plaintiff's complaints, many of which McFarlane disputed; (7) in order to create a measure of separation between Plaintiff and McFarlane and to defuse the situation, Swanson told McFarlane to direct any complaints about Plaintiff's work to Williams and told Plaintiff to direct questions about her job to Williams; (8) on or about April 14, 2008, Plaintiff complained to Defendant's Human Resources Director, Kimberly Troyer, that McFarlane continued to harass her, and Troyer told Plaintiff that she would investigate Plaintiff's on-going complaints, (9) on or about April 17, 2008, Troyer collected the results of the

9 - ORDER

investigations by Williams and Swanson in which they had not
found any evidence to corroborate Plaintiff's allegations of
discrimination or of extreme behavior by McFarlane; (10) Troyer
met with Williams, Swanson, and Swanson's superior, Cathey
Smalley, to discuss the investigation and the response to the
ongoing disputes between Plaintiff and McFarlane; (11) Defendant
considered reassigning Plaintiff but determined there was not any
realistic option to assign Plaintiff to another facility to
separate; (12) on April 21, 2008, Troyer wrote a letter agreement
for Plaintiff and McFarlane to review and sign that outlined
Defendant's harassment policy, noted Defendant takes complaints
of discrimination and harassment seriously, set out Defendant's
expectations for both employees, stated Defendant would
investigate any further complaints, and warned that any
substantiated violations of Defendant's policies and expectations
would be met with discipline up to and including termination; on
April 23, 2008, Troyer, Williams, Swanson, and Smalley meet
separately with Plaintiff and McFarlane to review and explain the
letter agreement and to obtain their signatures.  At her
deposition Plaintiff repeatedly testified that she thought these
responses by Defendant were appropriate.

     According to Plaintiff's testimony, Plaintiff returned to
work on April 24, 2008, and alleges McFarlane was very upset and
was "slamming things around."  Plaintiff approached McFarlane

with a question about a test Plaintiff was conducting, to which McFarlane responded she would not help Plaintiff. Plaintiff testified she got upset and said "How am I supposed to work like this?" and "I can't take this no more." According to Plaintiff, McFarlane responded: "Then you need to get the fuck out because I don't want you here and nobody wants you here, so just leave." Plaintiff eventually called Williams, who, according to Plaintiff, said he was "tired of this shit" and directed Plaintiff to "work it out" with McFarlane. Plaintiff admitted she did not raise complaints of age-discrimination in her complaint to Williams and attested she understood Williams' frustration over her continued conflict with McFarlane.

Later that day Plaintiff sent an email to Swanson raising her concern that McFarlane would not help her and that she had reacted aggressively to Plaintiff's request for help. Plaintiff attested she believed Swanson contacted Williams immediately and either Williams or Swanson contacted McFarlane that day. Plaintiff also left a voice message for Troyer regarding the situation.

Plaintiff did not go to work the following day on Friday, April 25, 2008.

Over the weekend Troyer returned Plaintiff's telephone call. At her deposition Plaintiff could not recall Troyer's specific response to her complaints, but Plaintiff attested she perceived

Troyer to be a very caring person and that she believed Troyer would follow up on Plaintiff's concerns.

On or about Monday, April 28, 2008, Plaintiff resigned. Plaintiff attested she spoke with Swanson in what she described as "an emotional phone call." Plaintiff testified Swanson encouraged her to quit her job with Defendant.

Plaintiff essentially urges the Court to view Defendant's response to her complaints in a vacuum by focusing on comments by Williams and Swanson on April 24 and 28, 2008, which Plaintiff contends reflects Defendant's unwillingness to take adequate steps to address the harassment. The Court emphasizes Plaintiff did not allege McFarlane or any other of Defendant's employees engaged in age-based discrimination or harassment on April 24, 2008.

As noted, Defendant's actions in response to allegations of discrimination by a co-worker are reviewed for negligence and Defendant is not liable for the co-worker's alleged unlawful harassment of Plaintiff if it "undertook remedial measures reasonably calculated to end the harassment." *Dawson*, 630 F.3d at 939-40. In *Nichols*, the Ninth Circuit found the defendant employer did not avoid liability for unlawful harassment because:

> The company made no effort to investigate Sanchez's complaint; it did not discuss his allegations with the perpetrators; it did not demand that the unwelcome conduct cease; and it did not threaten more serious discipline in the event the harassment continued. *See*

> *Intlekofer*, 973 F.2d at 780 (oral warning may
> be sufficient where employer expresses strong
> disapproval, demands that the harassment stop
> and threatens harsher discipline in the event
> the conduct does not cease).

256 F.3d at 876.   In contrast, as the Ninth Circuit noted in

*Ellison*, the Fourth Circuit upheld a district court's grant of

summary judgment on the ground that the defendant employer fully

investigated the allegations, issued a written warning to refrain

from discrimination, and warned the alleged offender of a

suspension if the conduct continued.   924 F.2d at 881.   *See also*

*Baldwin v. Blue Cross/Blue Shield of Alabama*, 480 F3d 1287,

1304-05 (11th Cir. 2007)(reasonable investigation when the

defendant made an effort to arrive at a "reasonably fair estimate

of the truth" on the basis of an investigation by the head of the

human resources department and two other members of the

department who interviewed the plaintiff, the alleged harasser,

and other employees "whom they had reason to believe would have

witnesses the harassment if it occurred.").   The Ninth Circuit

held in *Ellison* that Title VII does not require dismissal for

every instance of harassment and that the response should be

considered in proportion to the seriousness of the offense.   *Id.*

at 882.

On this record, it is undisputed Defendant investigated

Plaintiff's complaints (two supervisors and the Human Resources

director thoroughly investigated Plaintiff's complaints through

13 - ORDER

interviews of Plaintiff, McFarlane, and several other witnesses),
made oral and written requests that McFarlane cease any harassing
conduct, and threatened harsh discipline for any unlawful
conduct.  Defendant responded to Plaintiff's complaints promptly
and its response was more than "a mere request to refrain from
discriminatory conduct" as the Ninth Circuit required in *Dawson*.
*Id*. at 940-41.  As noted, Plaintiff conceded in her deposition
testimony that Defendant's responses were appropriate up to April
23, 2008, and Plaintiff gave Defendant feedback during the
process that she thought things had gotten a little better and
would ultimately improve.  Even when reviewed in the light most
favorable to the Plaintiff, rationale jurors would have to
conclude Defendant's response to Plaintiff's complaints through
April 23, 2008, proceeded on a reasonable path especially in
light of the fact that Plaintiff reported Defendant's responses
had achieved at least a measure of success during the process.

But a difficulty arises when focusing only on the facts
surrounding Plaintiff's final few days of her employment with
Defendant because it is hard to assess in that narrow time period
the success of Defendant's remedy in deterring any unlawful
harassment.  On April 24, 2008, and in the subsequent few days,
despite Williams's stated unwillingness to deal with further
conflict, Swanson and Troyer responded to Plaintiff's continued
complaints:  Swanson contacted McFarlane and Plaintiff, and

Troyer contacted Plaintiff.  Although Plaintiff attested she did
not think Williams and Swanson were supporting her, she testified
she believed Troyer would follow up on her complaints.

Ultimately, however, the Court is unable to assess
Defendant's response past April 28, 2008, to determine whether
any further remedies would have been successful because Plaintiff
resigned.  In *Baldwin*, the Eleventh Circuit dealt with an
analogous situation in which the plaintiff left her position
before the remedy had a chance to work:

> We will mention the obvious.  This is not a
> case where the employer's first remedy proved
> inadequate, and it failed to take further
> action to correct the problem.  It is instead
> a case where the complainant refused to
> cooperate with the first step.  She did that
> because she was not happy with Blue Cross'
> proposed remedy.  She not only refused to
> give Blue Cross' remedy a chance but also
> insisted that she would not work with Head
> again.  As we have indicated before, the
> complainant does not get to choose the
> remedy.

480 F.3d at 1306.  This case is analogous.  Plaintiff determined
on April 24, 2008, one day after Defendant attempted to resolve
the matter between Plaintiff and McFarlane, that she could no
longer work with McFarlane and resigned within a few days.

On this record the Court finds Plaintiff's Objection is not
a sufficient basis to modify the Findings and Recommendation.
Plaintiff has not demonstrated the Magistrate Judge made any
error of fact and after a *de novo* review of the record, the Court

15 - ORDER

concludes the Magistrate Judge did not err when he concluded that
no reasonable juror could find Defendant's response to
Plaintiff's complaints were not reasonably calculated to remedy
the alleged harassment by McFarlane.

**III. Plaintiff's *Prima Facie* Showing of Unlawful Retaliation.**

Plaintiff also objects to the Magistrate Judge's finding
that Plaintiff did not meet her burden to make a *prima facie* case
of retaliation by Defendant.  In particular, Plaintiff objects to
the Magistrate Judge's finding that Plaintiff did not meet her
burden to prove Defendant subjected her to an adverse employment
action.

An adverse employment action is one that is "non-trivial"
and affects the actual terms and conditions of employment.
*Hardage v. CBS Broadcasting, Inc.*, 427 F.3d 1177, 1188-89 (9th
Cir. 2005).   An actionable adverse employment action as one that
"deter[s] reasonable employees from complaining about Title VII
violations." *See Brooks v. City of San Mateo*, 229 F.3d 917, 928
(9th Cir. 2000).

The Magistrate Judge found the letter agreement Plaintiff
and McFarlane signed was not a disciplinary action and
recommended the Court should grant Defendant's Motion for Summary
Judgment as to Plaintiff's retaliation claim because Defendant
did not take any adverse employment action against Plaintiff.

Plaintiff conceded at her deposition that she was not

reprimanded, disciplined, or terminated during her employment
with Defendant and that Defendant told her the letter agreement
was not a form of discipline.  Instead Plaintiff argues a
reasonable jury could find that a combination of acts by
Defendant constituted an adverse employment action:  the letter
agreement's warning of future discipline if Plaintiff or
McFarlane did not comply with its terms; McFarlane's angry
behavior toward and vulgar comments to Plaintiff on April 24,
2008, after she the letter agreement; and Williams's use of foul
language in stating his unwillingness to tolerate further
complaints and disputes.

The Court notes, however, that Plaintiff has not
demonstrated on this record any concrete action taken by
Defendant that changed the terms and conditions of her
employment.  The record reflects letter agreement did not alter
Plaintiff's employment conditions and was not presented as a
disciplinary action.  Although Plaintiff also relies on snide and
offensive comments by McFarlane and Williams, such comments are
not sufficient to survive Defendant's Motion.  *See, e.g.,*
*Hardage*, 427 F.3d at 1189 (supervisor's snide remarks and threats
against the plaintiff's job such as "your number's up" were
insufficient); *Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1112
(9th Cir. 2000)(supervisor's laughing, hostile stares, increased
criticism, and comments that the plaintiff "got him on sexual

harassment charges" insufficient); *Brooks*, 229 F.3d at 929
(badmouthing an employee insufficient).  In her Objections,
Plaintiff does not provide any authority to the contrary.

Accordingly, on this record the Court concludes Plaintiff's
Objection is not a basis to modify or to reject the Magistrate
Judge's Findings and Recommendation.

In summary, the Court has performed a *de novo* review of the
record in relation to each of the Objections raised by Defendant
and concludes none of those Objections provide a basis to modify
the Findings and Recommendation.  The Court also has reviewed the
legal principles relating to those portions of the Findings and
Recommendation to which the parties did not object and does not
find any legal error.

**CONCLUSION**

Accordingly, the Court **ADOPTS** Magistrate Judge Hubel's
Findings and Recommendation (#47).

IT IS SO ORDERED.
DATED this 1st day of July, 2011.

ANNA J. BROWN
United States District Judge

18 - ORDER